UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD, WILLIAM E. WESO,
ADAM YEOMAN, JAMIE BOWENS[1],
JARVIS DUKE, CALVIN OTIS, JR.,
DARRELL OTIS, and PHILLIP HERRERA,

        Plaintiffs,

  -vs-                                    Case No. 15-CV-557

SCOTT WALKER, EDWARD WALL,
JAMES GREER, SCOTT HOFTICZEN, MD,
KEVIN KALLAS, MD, DONALD HANDS, PHD,
DR. BARBARA RIPANI, LINDA ALSUM,
WILLIAM POLLARD, BELINDA SCHRUBBE,
DR. PAUL SUMNICHT, JEFFREY MANLOVE, MD,
NICOLE KAMPHUIS, ROBERT J. RYMARKIEWICZ,
JOHN R. PRICE, JOHN GRIESER,
DANIEL WINTERS, ZACHARY SWINGEN,
ANN TABB, RN, ANN LARSON, RN,
MARY SLINGER, JUDY SCHAEFER,
KRIS DEYOUNG, KRIS LYONS,
RN GWEN WALTZ, JOHN SCHETTLE,
TODD CALLISTER, SANDRA JOHNSTON,
PAUL LUDVIGSON, JOSH OLSON,
and CAPTAIN ULESKI,

        Defendants.

# DECISION AND ORDER

The pro se plaintiffs are Wisconsin state prisoners. They have filed

---

[1] On June 5, 2015, plaintiff Howard filed a letter stating that plaintiff Bowens no longer wished to participate in this case and requesting removal of his name (ECF No. 23). However, plaintiff Bowens was subsequently named as a plaintiff in the June 16, 2015, amended complaint (ECF No. 25).

a first amended complaint (ECF No. 25) in which they seek to bring a class action lawsuit on behalf of current and future prisoners incarcerated at Waupun Correctional Institution (ECF No. 25). The plaintiffs have filed a motion for class certification and they seek appointment of class counsel under Federal Rule of Civil Procedure 23(g) (ECF No. 3). They have filed a motion for a preliminary injunction (ECF No. 5), and plaintiff Howard has filed a motion for a temporary restraining order (ECF No. 24). The plaintiffs also filed an amended memorandum in support of motion for class certification (ECF No. 26).

## Motion for Class Certification

The plaintiffs, who are all male prisoners confined at the Waupun Correctional Institution (WCI), seek to bring a class action on behalf of two classes of prisoners: (1) the WCI Class, and (2) the ADA Subclass. The plaintiffs allege that overcrowding at WCI has caused serious issues there.

For the WCI Class, the plaintiffs seek to represent a class consisting of all prisoners who are now or in the future will be confined at WCI. They allege that the defendants' over-population of WCI has resulted in deliberate indifference to the plaintiffs' serious medical, mental health, and dental needs in violation of the Eighth Amendment, as well as the sadistic and malicious use of excessive force in violation of the Eighth Amendment.

These plaintiffs also allege that the defendants' policies, practices, and acts create, sustain, and perpetuate a system of mental health care for male inmates at WCI that is not comparable, substantially equivalent to, or in parity with the system of mental health care for female prisoners at Taycheedah Correctional Institution.

For the ADA Subclass, the plaintiffs seek to represent a class consisting of all individuals with a disability who are now or in the future will be confined at WCI. They allege that the defendants discriminate against them by failing to provide alternative disciplinary sanctions as reasonable modifications so that placement in segregation and other placements that exacerbate mental and/or physical impairments are not imposed, and by failing to provide a screening process that effectively identifies prisoners who are mentally unstable or in crisis and prevents their placement in the harsh conditions at WCI. The plaintiffs also allege that the defendants discriminate against the ADA subclass plaintiffs by excluding them from participation in, or denying them the benefits of, services, programs, or activities on the basis of their disabilities.

With regard to the plaintiffs' request for class certification, under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the class must be provided adequate representation. Because of this requirement, courts

have repeatedly declined to allow pro se prisoners to represent a class in a class action. *See, e.g., Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D. N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action."); *see also Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

Here, the plaintiffs request that the Court appoint class counsel under Federal Rule of Civil Procedure 23(g). Rule 23(g) is only implicated when a class is first certified under Rule 23(a)(4). *See, e.g., Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010). The Court will not certify a class where pro se litigants serve as class representatives. *See Fymbo*, 213 F.3d at 1321. Thus, because it will not certify a class action in this case, the Court will not appoint class counsel under Rule 23(g). Accordingly, the plaintiffs' motion for class certification will be denied.

The plaintiffs' motion for preliminary injunction and plaintiff Howard's motion for a temporary restraining order are based on this case

- 4 -

proceeding as a class action. In these applications, the plaintiffs request that the Court prevent their transfer from WCI to another institution, so that they may remain as class representatives. Because the Court will not certify a class action in this case, the plaintiffs' motions for injunctive relief will be denied.

## Review of Complaint

Given that the Court has denied the plaintiffs' motion for class certification, it is not clear how the plaintiffs want proceed. In the event that the plaintiffs wish to proceed on their amended complaint claims, the Court will review those claims here.

The plaintiffs have paid the full $400 filing fee. Regardless of the plaintiffs' fee status, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiffs to plead specific facts and their statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiffs' pro se allegations, "however inartfully pleaded," a liberal

- 7 -

construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The amended complaint includes allegations as to each individual plaintiff.  Plaintiff Howard alleges that he suffers from a chronic back injury and he seeks to proceed on an Eighth Amendment deliberate indifference to a serious medical need claim related to treatment for his injury.  His complaint allegations take place in early 2011 and implicate defendants Grieser and Schrubbe.  Plaintiff Howard also alleges that he suffers from an adjustment disorder for which he has consistently been provided medication since 2004.  He alleges that defendants Kamphuis and Schrubbe repeatedly discriminated against him when he was denied requests for a firm mattress, a light-duty restriction, feed-cell restrictions, and walking shoes.

Plaintiff Weso alleges that his treatment for a gall stone was delayed, in violation of the Eighth Amendment.  However, this appears to be the same claim he raised in *Weso v. Huelsman*, Case No. 08-cv-762-CNC (E.D. Wis.), which was dismissed with prejudice on August 25, 2009.

Plaintiff Yeoman alleges that he suffers from digestive maladies and that defendants Tabb, Sumnicht, DeYoung, Waltz, Schrubbe, and Manlove persisted for three years (2011-2014) in an effective course of treatment

- 8 -

related to his irritable bowel syndrome.

Plaintiff Duke alleges that defendants Rymarkiewicz, Winters, and Swingen violated his Eighth Amendment right to be free from excessive force on December 18, 2014.

Plaintiff Herrera alleges that defendants Manlove and Schrubbe were deliberately indifferent to his serious medical needs in July 2013, when they failed to implement a surgeon's order regarding physical therapy related to knee surgery.

Plaintiff Bowens alleges that defendants Larson, Manlove, and Schrubbe, were deliberately indifferent to his serious medical need in 2013 when they delayed his treatment for his Achilles tendon injury.

Plaintiff Darrell Otis alleges that defendants Schaefer, Waltz, Ludvigson, Olson, DeYoung, Callister, Johnson, Uleski, and Larson were deliberately indifferent to serious mental health needs related to negative side effects from his medications. Plaintiff Darrell Otis also alleges that he was discriminated against on the basis of his mental impairment when he was given a conduct report, placed on TLU, and sentenced to segregation as a result of behavior caused by his medication, and when he was unable to eat, sleep, and think clearly as a result of not receiving medication or treatment.

- 9 -

Case 2:15-cv-00557-PP   Filed 11/18/15   Page 9 of 15   Document 30

Plaintiff Calvin Otis, Jr., alleges that defendants Manlove and Schrubbe were deliberately indifferent to his serious medical needs when they failed to order the surgical treatment of his gynecomastia.

As stated above, it is unclear how the plaintiffs want to proceed at this point. In the event that the plaintiffs want to proceed with a joint complaint, they are advised that, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, under Federal Rule of Civil Procedure 20, joinder of multiple plaintiffs in one action is proper only if, "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Likewise, multiple defendants

may be joined in one action if, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The current amended complaint violates Rules 18 and 20, and the plaintiffs may not proceed jointly on all of these claims. Therefore, the Court will strike the amended complaint.

If one or more of the plaintiffs wish to proceed jointly in this case, and if joinder is proper, there are at least two reasons a prisoner may wish to avoid group litigation. First, group litigation is challenging, and potentially costly, in that each plaintiff must sign each filing before submitting it the Court for filing. Filings not signed by each pro se plaintiff may not be accepted by the Court. Logistically, this is challenging, especially when the prisoners are confined at different institutions.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Fed. R. Civ. P. 11." *Boribourne v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004). A prisoner litigating jointly assumes those risks for all of the claims in the

group complaint, whether or not they concern him personally. For example, as stated above, plaintiff Weso may not bring his claim because the same claim was previously dismissed with prejudice.

The plaintiffs should keep these issues in mind in deciding whether they want to file an amended complaint, and if so, whether they want to file a joint amended complaint. If the plaintiffs decide to file a joint amended complaint, the Court will screen it under 28 U.S.C. § 1915A, and only properly joined claims may proceed. Any unrelated claim not pursued in this case may be brought in a separate action.

Alternatively, one plaintiff may file an amended complaint in this case, and the remaining plaintiffs may request voluntary dismissal from this action. The dismissed plaintiffs are then free to file new complaints raising their own claims. Of course, any new complaint must be accompanied by a filing fee, or a motion for leave to proceed without prepayment of the filing fee.

The plaintiffs are advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does

not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, the plaintiff(s) must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his (or their) constitutional rights.

A pro se form complaint/guide is included along with this order. The plaintiff(s) must use this form complaint if filing an amended complaint.

The amended complaint, if any, must be filed by **December 18, 2015**. The Court may dismiss this case for failure to prosecute if an amended complaint is not received by December 18, 2015.

<u>Motion to Withdraw Refusal to Consent</u>

Plaintiff Weso has filed a motion to withdraw his refusal to consent to proceed before a United States Magistrate Judge form (ECF No. 17). Upon due consideration, the Court will grant this motion. The Court will file plaintiff Weso's consent to United States Magistrate Judge jurisdiction form, which he filed along with his motion (ECF No. 17-1).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiffs' motion for class certification (ECF No. 3) is **DENIED**.

- 13 -

**IT IS FURTHER ORDERED** that the plaintiffs' motion for appointment of counsel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for preliminary injunction (ECF No. 5) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff Weso's motion to withdraw refusal to consent (ECF No. 17) is **GRANTED**. The Clerk's Office shall file plaintiff Weso's Consent to Proceed Before a U.S. Magistrate Judge form (ECF No. 17-1).

**IT IS FURTHER ORDERED** that plaintiff Howard's motion for temporary restraining order (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the amended complaint (ECF No. 25) is **STRICKEN**.

**IT IS FURTHER ORDERED** that the plaintiff(s) may file a amended complaint on or before **December 18, 2015**, which contains only related claims in accordance with this Order. Any amended complaint must be filed using the enclosed form complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail each plaintiff a pro se prisoner complaint form and guide.

**IT IS FURTHER ORDERED** that failure to file an amended complaint by **December 18, 2015**, may result in dismissal of this action

for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**