# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD, WILLIAM E. WESO,
ADAM YEOMAN, JAMIE BOWENS,
JARVIS DUKE, CALVIN OTIS, JR.,
DARRELL OTIS, PHILLIP HERRERA,

      Plaintiffs,

    -vs-                                    Case No. 15-CV-557

SCOTT WALKER, EDWARD WALL,
JAMES GREER, SCOTT HOFTICZEN, MD,
KEVIN KALLAS, MD, DONALD HANDS, PHD,
DR. BARBARA RIPANI, LINDA ALSUM-O'DONOVAN,
WILLIAM POLLARD, BELINDA SCHRUBBE,
DR. PAUL SUMNICHT, JEFFREY MANLOVE, MD,
NICOLE KAMPHUIS, ROBERT J. RYMARKIEWICZ,
JOHN R. PRICE, JOHN GRIESER,
DANIEL WINTERS, ZACHARY SWINGEN,
ANN TABB, RN, ANN LARSON, RN,
MARY SLINGER, JUDY SCHAEFER,
KRIS DEYOUNG, KRIS LYONS,
RN GWEN WALTZ, JOHN SCHETTLE,
TODD CALLISTER, SANDRA JOHNSTON,
PAUL LUDVIGSON, JOSH OLSON,
**and** CAPTAIN ULESKI,

      Defendants.

# DECISION AND ORDER

On December 11, 2015, plaintiffs Joshua Howard, Darrell Otis, Phillip Herrera, and Adam Yeoman filed a motion for reconsideration of the Court's November 18, 2015, Order to the extent that it denied their motions for class certification and appointment of counsel. The plaintiffs

request that the Court evaluate their request for counsel under the standard set forth in *Farmer v. Hass*, 990 F.2d 319, 322 (7th Cir. 1993). The plaintiffs also petitioned the Seventh Circuit Court of Appeals for review of the Court's order regarding denial of their request for class certification and counsel. On December 29, 2015, the court of appeals held that this Court's denial of class certification on the ground that the plaintiffs could not adequately represent a class was warranted. *Howard v. Pollard*, ___ F.3d ___, 2015 WL 9466233, at *2 (7th Cir. 2015) ("[T]he purpose of Rule 23(g) is not to enable pro se plaintiffs to obtain recruited counsel in conjunction with class certification; the purpose of the rule is to ensure that the proposed class counsel is adequate."). Based on the court of appeals' decision in *Howard*, the Court will deny the plaintiffs' motion for reconsideration.

In their motion, the plaintiffs also seek sixty days to file an amended complaint. According to the plaintiffs, it will take them that much time to decide how they want to proceed because communication between them is difficult. The Court will grant the plaintiff's the requested additional time.

The Court reminds the plaintiffs that if they want to proceed jointly, each plaintiff must sign every court filing. Here, only four of the eight named plaintiffs signed the motion for reconsideration. It is not clear if the

- 2 -

Case 2:15-cv-00557-PP    Filed 02/03/16    Page 2 of 3    Document 33

four plaintiffs who did not sign the motion are no longer plaintiffs. If they are not, they should file notices of voluntary dismissal. Otherwise, the Court may dismiss them on its own.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiffs Joshua Howard, Darrell Otis, Phillip Herrera, and Adam Yeoman's motion for reconsideration (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs Joshua Howard, Darrell Otis, Phillip Herrera, and Adam Yeoman's motion for sixty day extension of time to file amended complaint (ECF No. 32) is **GRANTED**. The plaintiff(s) may file an amended complaint on or before **April 4, 2016**.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2016.

> **BY THE COURT:**
>
> _____
> **HON. RUDOLPH T. RANDA**
> **U.S. District Judge**