UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA HOWARD,

      Plaintiff,

v.             Case No. 15-cv-557-pp

BELINDA SCHRUBBE,
TODD CALLISTER, AND
JOHN O'DONOVAN,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 72); STRIKING PLAINTIFF'S PROPOSED FINDINGS OF FACT (DKT. NO. 68); ORDERING THAT PLAINTIFF MAY FILE PROPOSED FINDINGS OF FACT AS DESCRIBED IN THIS ORDER BY SEPTEMBER 1, 2017; ORDERING THAT DEFENDANTS MAY FILE SUMMARY JUDGMENT REPLY MATERIALS BY SEPTEMBER 11, 2017; AND DENYING AS MOOT DEFENDANTS' MOTION TO STAY DEADLINE TO FILE REPLY MATERIALS (DKT. NO. 72)**

---

  On March 1, 2017, the defendants filed a motion for summary judgment. Dkt. No. 55. The plaintiff filed a response on May 23, 2017, dkt. no. 66, and he filed a supplemental declaration on May 30, 2017, dkt. no. 71. The defendants have filed a motion to strike the plaintiff's response to their motion for summary judgment, and to stay the defendants' deadline to file reply materials. Dkt. No. 72.

**I. THE PLAINTIFF'S RESPONSE**

  The plaintiff's May 23, 2017 response to the defendants' motion for summary judgment consists of a brief, objections to the defendants' proposed

1

findings of fact, proposed findings of fact, a declaration, and about 850 pages of exhibits.[1] Dkt. Nos. 66-69. On May 30, 2017, the plaintiff filed a letter regarding modifications to his medical record exhibits, dkt. no. 70, along with a supplemental declaration in support of his motion for summary judgment, dkt. no. 71. The plaintiff's letter states in relevant part:

> On 5.18, I sent several hundred pages to the library to be e-filed to the Court and on 5.23 I received copies of the originals I had placed in the institution mailbox. When I spoke to the librarian on 5.26 he informed me that WCI Litigation Coordinator Pusich had taken the original documents because I had altered some of the medical records that I had submitted to the Court. While I assumed that any modifications I made to my exhibits were obvious and would not be construed as original medical documents I am submitting a supplemental declaration to clarify matters.

Dkt. No. 70. The plaintiff's supplemental declaration explains the alterations he made to his medical record exhibits. Dkt. No. 71.

## II. THE DEFENDANTS' MOTION TO STRIKE

On June 2, 2017, the defendants filed their motion to strike. Dkt. No. 72. The defendants stated two grounds in support of their motion. First, they stated that the plaintiff's summary judgment response contains 200 additional proposed findings of fact, in violation of Civil Local Rule 56(b)(2)(B)(ii), which

---

[1] On March 21, 2017, the court granted the plaintiff's motion for extension of time until May 15, 2017 to respond to the defendants' motion for summary judgment. Dkt. No. 63. The plaintiff filed a cover letter along with his summary judgment response, stating that he "underestimated the total size of my filing which ended up being close to (8) inches and I found that I did not have envelopes large enough to send it to the library at one time . . . ." Dkt. No. 66-1. The plaintiff asks that the court find good cause for the three-day delay. Id. The defendants do not challenge the tardiness of the plaintiff's response, and the court finds good cause to accept the materials.

sets a limit of 100 proposed facts for non-movants. Dkt. No. 72 at 2. Second, the defendants stated:

> 4. Plaintiff submitted a supplemental declaration on May 30. In that, Plaintiff admits that he "created" over 70 pages of exhibits for his declaration by taking copies of DOC records and altering them by "adding relevant information from other sources." Specifically, Plaintiff admits that he submitted the following DOC medical records with additional information added by the Plaintiff via typewriter:
>
> • He admits that he altered pages 2-13 of Exhibit 2009
> • He admits that he altered pages 2-13 of Exhibit 2010
> • He admits that he altered pages 2-13 of Exhibit 2011
> • He admits that he altered pages 2-13 of Exhibit 2012
> • He admits that he altered pages 2-12 of Exhibit 2013
> • He admits that he altered pages 3-10 & 14 of Exhibit 2014
> • He admits that he altered 10 pages of Exhibit 2015
>
> 5. Plaintiff's exhibits that alter DOC medical records by "adding relevant information from other sources" are not authentic and, therefore, are inadmissible and run afoul of Fed. R. Civ. Pro. 56(c).

Dkt. No. 72 at 2-3.

The defendants request that the court strike the plaintiff's summary judgment response based on his submission of double the amount of permitted proposed findings of fact, as well as his admission that he altered Wisconsin Department of Corrections medical records for seventy pages of exhibits. Id. at 3. The defendants also request a stay of the reply deadline. Id.

The plaintiff filed a response to the defendants' motion, in which he states that he voluntarily withdraws proposed facts 24-26, 29-31, 34-36, 47, and 68. Dkt. No. 73 at 2. He requests that the court allow the remaining 189 proposed facts, considering that the allegations in the complaint cover a period of several years and almost eighty individual complaints. Id.

3

With regard to the authenticity of his exhibits, the plaintiff states that the defendants do not allege that he added incorrect dates to the exhibits, or that he submitted fraudulent or doctored documents. Id. According to the plaintiff, he took "med logs" that were already a part of the record, arranged them in order and typed in the relevant refill dates that were listed on the medication profile (which also is a part of the record). Id. The plaintiff asserts that "the med log exhibits simply conveniently display information already available in the record which is relevant to a highly contested issue: were the lapses of medication the result of delayed refills or officer error." Id. The plaintiff contends that the fact that he filed a voluminous response a few days late, which included exhibits that make it easier for the court to discern whether a controversy exists, does not justify striking his response. Id.

## III. DISCUSSION

Civil Local Rule 56 provides that a non-moving party may not file more than 100 separately-numbered statements of additional facts in response to the moving party's motion for summary judgment. Civil L.R. 56(b)(2)(B)(ii) (E.D. Wis.). The Local Rules require prior leave of the court to increase the number of statements of additional fact. Civil L.R. 56(b)(7) (E.D. Wis.). "A party may not file any proposed statements of … additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted." Id.

The plaintiff did not seek prior leave of the court before filing his 200 additional proposed findings of fact. Moreover, the plaintiff has not shown that

these additional proposed findings of fact are warranted. The court will strike the plaintiff's facts, and allow him time to file up to 100 proposed facts, in compliance with the Local Rules.

With regard to the altered medical records, instead of striking the plaintiff's exhibits, the court will allow the defendants to file objections to any of the plaintiff's materials they believe he has not properly authenticated. See Fed. R. Civ. P. 56(c)(2). The court will deny the portion of the motion to strike that seeks to strike the plaintiff's exhibits or his supplemental declaration.

Instead of staying the defendants' deadline to file their reply, the court will set a deadline for the defendants to file their summary judgment reply. Therefore, the court will deny as moot the defendants' motion to stay.

Finally, in his response to the defendants' motion to strike, the plaintiff asked that the court order the defendants to return his sensitive legal materials. Dkt. No. 73 at 3. The court will deny this request as moot, because on June 20, 2017, the court received a letter from the plaintiff, stating that the defendants returned the documents to him. Dkt. No. 74.

## IV. CONCLUSION

The court **GRANTS IN PART AND DENIES IN PART** the defendants' motion to strike plaintiff's response to defendants' motion for summary judgment. Dkt. No. 72.

The court **STRIKES** the plaintiff's proposed findings of fact. Dkt. No. 68.

The court **ORDERS** that the plaintiff may file no more than 100 proposed findings of fact in time for the court to receive them on or before the end of the day on **September 1, 2017**.

The court **ORDERS** that the defendants may file summary judgment reply materials by the end of the day on **September 11, 2017**.

The court **DENIES AS MOOT** the defendants' motion to stay defendants' deadline to file reply materials. Dkt. No. 72.

Dated in Milwaukee, Wisconsin this 4th day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**