UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA HOWARD,

                       Plaintiff,

v.                                                       Case No. 15-cv-557-pp

BELINDA SCHRUBBE,
TODD CALLISTER,
AND JOHN O'DONOVAN,

                         Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED PROPOSED FINDINGS OF FACT (DKT. NO. 81), DENYING AS MOOT DEFENDANTS' MOTION TO STAY (DKT. NO. 81), AND DIRECTING DEFENDANTS TO FILE SUMMARY JUDGMENT REPLY WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER**

---

       On March 1, 2017, the defendants filed a motion for summary judgment. Dkt. No. 55. On October 2, 2017, the plaintiff filed an amended response brief, dkt. no. 78, amended objections to the defendants' proposed findings of fact, dkt. no. 79, and amended proposed findings of fact, dkt. no. 80. The defendants have filed a motion to strike the plaintiff's amended proposed findings of fact, and motion for stay and extension of deadline for defendants' summary judgment reply materials. Dkt. No. 81. The court denies those motions, but gives the defendants a deadline by which to file a reply in support of their motion for summary judgment.

       By way of background, on May 23, 2017, the plaintiff filed his original response to the defendants' motion for summary judgment, dkt. no. 66,

1

objections to defendants' proposed findings of facts, dkt. no. 67, proposed findings of facts, dkt. no. 68, and a declaration with attached exhibits, dkt. no. 69, 69-1, 69-2, 69-3. On May 30, 2017, the plaintiff filed a supplemental declaration, dkt. no. 71. On August 4, 2017, the court granted in part and denied in part the defendants' motion to strike the plaintiff's response to defendants' motion for summary judgment. Dkt. No. 75. Specifically, the court granted that part of the defendants' motion that sought to strike the plaintiff's proposed findings of fact because he filed 200 proposed facts, in violation of Civil L.R. 56(b)(2)(B)(ii), which sets a limit of 100 proposed facts for non-movants. Dkt. No. 75 at 5.[1] The court ordered that the plaintiff could file up to 100 proposed findings of fact by September 1, 2017. Id. at 5.

After requesting and receiving an extension of time, the plaintiff filed his amended proposed findings of facts on October 2, 2017. Dkt. No. 80. Soon after, the defendants filed the instant motion to strike. Dkt. No. 81. In support of their motion, the defendants state that while the plaintiff submitted seventy-five amended proposed findings of fact, nearly all of the facts are compound and violate the requirement in Civil L.R. 56(b)(2)(B)(ii) for "short numbered paragraphs." Dkt. No. 81 at 2. The defendants state that the plaintiff used thirty-four typewritten pages to propose seventy-five facts, for an average of 2.2

---

[1] The court also denied the defendants' motion to strike the plaintiff's medical record exhibits and stated that it would allow the defendants to file objections to any of the plaintiff's materials they believe he had not properly authenticated. Dkt. No. 75 at 5.

2

facts per page; in contrast, the defendants proposed 103 facts in twenty typewritten pages, for an average of 5.15 facts per page. Id. at 2.

A party opposing a motion for summary judgment must file:

> (ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts[.]

Civil L.R. 56(b)(2)(B)(ii) (E.D. Wis.).

The parties dispute whether the plaintiff's facts comply with this rule. The Local Rule, however, does not define "short numbered paragraph." The court will not analyze each of the plaintiff's facts to determine whether it is "short." See Lemons v. City of Milwaukee, No. 13-C-0331, 2016 WL 3746571, at *2 (E.D. Wis. July 8, 2016). Rather, the court will consider the proposed facts and direct the defendants to respond to them. See also Civil L.R. 56(b)(9) (E.D. Wis.) ("Collateral motions, such as motions to strike, are disfavored."). The defendants may object to any proposed fact, if appropriate. See Fed. R. Civ. P. 56(c). The court will deny the defendants' motion to strike.

The defendants also ask that the court stay the summary judgment deadline. Dkt. No. 81 at 1. Instead of staying the defendants' deadline to file their reply, the court will set a new deadline. The court will deny as moot the defendants' motion to stay, and will give the defendants thirty days to file their summary judgment reply. Id.

The court **DENIES** the defendants' motion to strike plaintiff's amended proposed findings of fact. Dkt. No. 81.

The court **DENIES AS MOOT** the defendants' motion to stay reply deadline. Dkt. No. 81.

The court **ORDERS** that if the defendants wish to file a reply in support of their motion for summary judgment, they shall do so within thirty days of the date of this order (by Monday, January 12, 2018).

Dated in Milwaukee, Wisconsin this 11th day of January, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**