UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA HOWARD,

                  Plaintiff,

v.                                                  Case No. 15-cv-557-pp

BELINDA SCHRUBBE,
TODD CALLISTER, AND
JOHN O'DONOVAN,

                  Defendants.

---

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 55)

---

       The plaintiff, Joshua Howard, is a Wisconsin state prisoner. On June 10, 2016, Judge Rudolph T. Randa screened his second amended complaint under 28 U.S.C. §1915A, and allowed the plaintiff to proceed against the defendants on Eighth Amendment medical care claims related to ongoing errors in the dispensation of prescription medication at Waupun Correctional Institution (Waupun). Dkt. No. 38 at 1. Later, the case was reassigned to this court. This order addresses the defendants' motion for summary judgment.[1] Dkt. No. 55.

---

[1] The procedural history of this case is somewhat tangled. The defendants filed their summary judgment motion on March 1, 2017. Dkt. No. 55. After receiving an extension of time, the plaintiff filed his first response to the defendants' motion for summary judgment and supporting documents. Dkt. Nos. 66-71. The court granted in part the defendants' motion to strike the plaintiff's response, and struck the plaintiff's proposed findings of fact. Dkt. No. 75. On October 2, 2017, after receiving an extension of time, the plaintiff filed an amended response brief, amended objections to defendants' proposed findings of fact, and amended proposed findings of fact. Dkt. Nos. 78-80. The court subsequently denied the defendants' motion to strike the plaintiff's amended

As explained below, the court will deny the defendants' summary judgment motion to the extent that they argue that the statute of limitations bars the plaintiff's claims against defendants Todd Callister and John O'Donovan, as well as portions of the plaintiff's claim against defendant Belinda Schrubbe. The court also will deny the defendants' motion as to the rest of the plaintiff's claim against defendant Schrubbe. Finally, the court will set a new dispositve motion deadline by which either party may file a dispositive motion as to the merits of the plaintiff's claims.

### A. PLAINTIFF'S CLAIMS

The plaintiff sued three defendants: John O'Donovan, former security captain at Waupun; Todd Callister, psychiatrist at Waupun; and Belinda Schrubbe, former manager of Waupun's Health Services Unit. Dkt. No. 39 at 1; Dkt. No. 57 at ¶2-4. He alleges that corrections staff dispenses medications at Waupun, instead of professional health staff. Dkt. No. 39 at 2. He states that due to inconsistent and contradictory medication refill procedures, medication errors commonly occur at Waupun. Id. The plaintiff alleges that since 2004, he has been prescribed medication to treat depression, anxiety and insomnia; that he has experienced over eighty interruptions in the availability of his medication; and that he has filed over fifty inmate complaints. Id. at 2-3. He says that the "continuous and abrupt unavailability of [his] medication has caused him many problems in addition to the migraine headaches and severe nausea he experiences each time his medication is not tapered off." Id. at 3.

---

proposed findings of fact. Dkt. No. 86. On February 12, 2018, the defendants filed their summary judgment reply. Dkt. Nos. 88-90.

The plaintiff alleges that defendant O'Donovan twice found him guilty and punished him for conduct that was a direct result of being abruptly cut off from his medication. Id. at 5. Specifically, on December 20, 2017, O'Donovan allegedly found the plaintiff guilty of a conduct report based on disobeying orders and violating policy and procedure. Id. at 5; Dkt. No. 57 at ¶8. On January 17, 2018, O'Donovan also allegedly found the plaintiff guilty of a conduct report based on disobeying orders, despite the lapse in his sleeping medications. Dkt. No. 39 at 5; Dkt. No. 57 at ¶8.

With respect to defendant Callister, the plaintiff alleges that when he complained about the interruptions in his medication, Callister did not intercede so that the plaintiff could start taking the medication again without interruption. Dkt. No. 39 at 3, 5. This allegedly occurred between September 2006 and March 2008, see dkt. no 57 at ¶8, and may have also occurred in 2012, see dkt. no. 80 at ¶¶44, 46.

The plaintiff alleges that defendant Schrubbe failed to take remedial action to fix his problems with not receiving timely medication, beginning in 2004. Dkt. No. 39 at 4-5; Dkt. No. 57 at ¶8. The plaintiff states that Schrubbe maintained a constitutionally-infirm medication distribution system, leading to the plaintiff's injuries, including migraine headaches, severe nausea and disruptions in sleeping patterns. Dkt. No. 39 at 4-5, Dkt. No. 57 at ¶8. He alleges that Schrubbe directly supervised the nursing staff and was responsible for monitoring the distribution and refilling of medication, and that the

3

institution complaint examiner contacted her every time the plaintiff filed a complaint about his medication. Dkt. No. 39 at 4.

### B. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### 1. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

4

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

### 2. The Parties' Arguments: Statute of Limitations

The defendants contend that the statute of limitations bars the plaintiff's claims against O'Donovan and Callister. Dkt. No. 56 at 9. They reason that because the plaintiff filed this lawsuit in May 2015, any of the plaintiff's claims that arose before May 2009 fall outside the applicable six-year statute of limitations. Id. at 10. According to the defendants, the plaintiff's claims against O'Donovan arose in 2007 and 2008, and his claims against Callister took place between September 2006 and March 2008. Id. They argue that because the plaintiff's claims against them occurred before May 2009, the court should grant summary judgment based on the statute of limitations. Id. The defendants also contend that the statute of limitations bars consideration of instances of medication availability between 2004 and April 2009 as to the plaintiff's claims against Schrubbe. Id. at 11 n.3.

In response, the plaintiff contends that the defendants have waived the ability to defend based on the statute of limitations, because they did not assert this affirmative defense in their answer to the second amended complaint. Dkt. No. 78 at 6. He states that his second amended complaint put the defendants on notice that his allegations went back to 2004, and that in their answer, the defendants admitted that the conduct reports at issue were given to the plaintiff on December 7, 2007 and December 30, 2007. Id. at 7.

5

The plaintiff asserts that, despite having this information, the defendants did not raise the statute of limitations defense. Id.

In reply, the defendants contend that they did not waive the defense because, while the plaintiff's sole response to their statute of limitations defense is that they waived the defense, he had the opportunity to provide a substantive response to the defense in summary judgment briefing. Dkt. No. 88 at 2.

### 3. Discussion

#### a. *Statute of Limitations Argument*

Federal Rule of Civil Procedure 8(c) requires a defendant to assert affirmative defenses, including the defense of statute of limitations, in a responsive pleading. The purpose of this rule "is to avoid surprise and undue prejudice to the plaintiff by providing [him] notice and the opportunity to demonstrate why the defense should not prevail." Venters v. City of Delphi, 123 F.3d 956, 967 (7th Cir. 1997) (citations omitted). Where a defendant fails to raise a statute of limitations defense in the answer or other responsive pleading, it is generally considered waived. Metropolitan Housing Devel. Corp. v. Vill. of Arlington Heights, 558 F.2d 1283, 1287 (7th Cir. 1977); see also 5 Wright & Miller, Federal Practice and Procedure: Civil 3d §1278 (Westlaw 2017). As the Seventh Circuit has explained,

> We recognize that the [affirmative] defense may have been meritorious; and [the plaintiff's] counsel should have had some inkling that the defense *might* be raised . . . . But . . . if Rule 8(c) is not to become a nullity, we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff.

Castro v. Chi. Housing Authority, 360 F.3d 721, 735 (7th Cir. 2004) (quoting Venters, 123 F.3d at 969). (Emphasis in original.)

The court may excuse a technical failure to comply with Rule 8(c) as long as the plaintiff had adequate notice of the defense and was not deprived of the opportunity to respond. Venters, 123 F.3d at 968 ("The appropriate thing for the defendant to do, of course, is to promptly seek the court's leave to amend his answer."). The defendants cite to Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co., 247 F. Supp. 3d 923 (N.D. Ill. 2017) in support of their contention that they didn't waive the defense by failing to plead it in their answer. In that case, the court stated:

> Cases where statute of limitations defenses are appropriately waived involve circumstances where the opponent has not had an opportunity to respond. In *Venters v. City of Delphi*, the court reversed the district court's order that a statute of limitations defense was waived, finding that the plaintiff suffered prejudice when the defense was not raised until a reply brief at the summary judgment stage, a month before trial, and the trial court refused to allow a surreply. In contrast, waiver is inappropriate where the opposing party has the opportunity to substantively respond to the defense. Because Lyon had the opportunity to—and did—thoroughly argue against the application of the statute of limitations defense in this round of briefing, as well as in its request to deny the Village the opportunity to amend its motion for summary judgment, and in the first round of summary judgment briefing, the court finds that Lyon has not suffered prejudice in its ability to substantively respond to the defense. Therefore, the Village may assert the defense.

Id. at 942-43. (Citations omitted.)

The defendants also cite to Flodin v. United States, No. 13-CV-853-bbc, 2016 WL 750668, at *1 (W.D. Wis. Feb. 24, 2016), where the district

7

court stated that a statute of limitations defense can be asserted on summary judgment as long as the plaintiff is not unfairly prejudiced. In that case, the court rejected the argument that the plaintiff was prejudiced by the time and resources he had spent on the case: "the expense of conducting a suit does not count as prejudice; . . . 'prejudice' is a reduction in the plaintiff's ability to meet the defense on the merits—if, say, a witness has died, or documents have been destroyed, during the time between when the defense should have been raised and when it was actually raised." Id. (quoting Global Tech & Trading, Inc., v. Tech Mahindra Ltd., 789 F.3d 730, 732 (7th Cir. 2015)).

The defendants conclude that because the plaintiff had an opportunity to respond to the substance of the defendants' statute of limitations defense, the case law does not support a finding of waiver for the defense. It follows, they argue, that because the claims against O'Donovan and Callister are not based on events between May 2009 and May 2015, the defendants are entitled to summary judgment based on the applicable statute of limitations. Dkt. No. 88 at 3.

The defendants had notice that there might be a statute of limitations defense when the plaintiff filed his second amended complaint. They are represented by attorneys—those attorneys could have raised the affirmative defense in the answer. The defendants now argue that the plaintiff—who is not a lawyer—should have known that he could respond to the substance of the limitations defense in the context

of summary judgment. In fact, their argument almost implies that the plaintiff *had to* respond to the substance of the defense, even though the defendants did not properly plead it.

The plaintiff, despite his lack of legal knowledge, reasonably and correctly argued that the defense was waived because the defendants did not raise it in the answer. See Fed. R. Civ. P. 8(c). The court will not deny the plaintiff the ability to respond to the substance of the limitations claim when he had no reason to know that he could have done so in the context of the summary judgment process. In fact, it appears that the plaintiff may have some legitimate opposition to the limitations argument. For example, the plaintiff appears to contend that his claim against Callister involves a 2012 occurrence, which would not be time-barred. Dkt. No. 80 at ¶¶44, 46. And the defendants did not develop their argument that the statute of limitations bars a portion of the plaintiff's claim against Schrubbe. See Dkt. No. 56 at 11 n.3.

The court will deny the defendants' motion for summary judgment against O'Donovan, Callister and Schrubbe to the extent that the motion is based on their argument that the statute of limitations bars the plaintiff's claims.

      b.  *Eighth Amendment Claims Against Schrubbe*

Turning to the plaintiff's claims against defendant Schrubbe based on events that occurred after April 2009, the defendants argue that those claims fail as a matter of law because the plaintiff did not suffer a cognizable harm as

a result of Schrubbe's actions or inactions. Id. at 11-12. The defendants also assert that the plaintiff's claims against Schrubbe fail as a matter of law because he cannot prove either element of a deliberate indifference claim. Id. at 12. Specifically, the defendants argue that the plaintiff's medication delays did not result in a serious medical need, id. at 13, and that Schrubbe was not deliberately indifferent, id. at 14-16. Finally, the defendants claim that Schrubbe is entitled to qualified immunity. Id. at 16-18.

The court cannot fully evaluate the plaintiff's claims against Schrubbe because the defendants have not addressed the events that arose before 2009. The court will deny their summary judgment motion as to that portion of the plaintiff's claims against Schrubbe for actions that took place after April 2009.

### C. CONCLUSION

The court **DENIES** the defendants' motion for summary judgment. Dkt. No. 55.

The court **ORDERS** that either party may file a motion for summary judgment, addressing the substance of the plaintiff's claims, in time for the court to receive the motion by the end of the day on **Friday, May 18, 2018**.

Dated in Milwaukee, Wisconsin this 19th day of March, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**