UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

    Plaintiff,

v.                                             Case No. 15-cv-0557-bhl

BELINDA SCHRUBBE,

    Defendant.

## ORDER

On February 4, 2021, the Court addressed the defendants' renewed motion for summary judgment, granting the motion as to defendants John O'Donovan and Todd Callister, but denying the motion as to defendant Belinda Schrubbe. ECF No. 114. Schrubbe has filed a motion for reconsideration of the Court's denial of her motion, insisting that she is entitled to qualified immunity. ECF No. 119.

Motions to reconsider denials of summary judgment are governed by Rule 54(b), which provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" *Cheese Depot, Inc. v. Sirob Imports, Inc.*, No. 14 C 1727, 2019 WL 1505399, at *1 (N.D.

Ill. Apr. 5, 2019) (quoting *Morningware, Inc. v. Hearthware Home Prods., Inc.*, No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" *Acantha LLC v. DePuy Orthopaedics Inc.*, No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Schrubbe contends that the Court erred in concluding that she is not entitled to qualified immunity because Howard did not suffer symptoms serious enough to implicate the Eighth Amendment and because she could not have been on notice that a failure to monitor medication refills resulting in his symptoms could violate the Eighth Amendment, even if she was aware of his reported symptoms. ECF No. 119 at 5. Schrubbe also contends that there is no evidence supporting a claim that she turned a blind eye to lapses in Howard's medication refills. *Id.* at 6. According to Schrubbe, she repeatedly instructed Howard to monitor his medications and to request refills before running out, yet he failed to do so in any of thirty-eight time periods he claims his medication ran out, except perhaps one. *Id.* Schrubbe also points out that when Howard did submit refill requests, he did not do so until days or even weeks after running out. *Id.* Schrubbe states that she cannot have been on notice of a hypothetical requirement to "have done more" than

2

she did, and she contends that there is no clear statement in any caselaw that she had a requirement to do more than she did. *Id.* at 7.

Schrubbe faults the Court for relying on *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983). She insists that *Wellman* is not a basis to deny qualified immunity because that case did not make clear that she would be violating Howard's rights by not doing more than she did, even under the most plaintiff-friendly view of the facts. ECF No. 119 at 7. Schrubbe contends that the Court defined the right at issue too broadly in relying on *Wellman* because the Court of Appeals for the Seventh Circuit has specifically distinguished *Wellman*-type cases (where there is a systemic problem with care for an inmate population such that the population is effectively denied access to adequate medical care as a general matter) from cases like the present one (where an inmate alleges repeated problems as to his particular issue). *Id.* Schrubbe contends that it cannot have been clear to her that she could be liable under *Wellman* and that, at best it was (and remains) unclear whether she could be liable for not changing nursing practices in response to alleged repeated negligence by correctional officers affecting a single prisoner as to his particular issue. *Id.* at 8 (citing *Sellers v. Henman*, 41 F.3d 1100, 1102-03 (7th Cir. 1994) (*Wellman* did not infer that a series of purely negligent acts could equate to deliberate indifference)). According to Schrubbe, it is not clear that she had a duty to do anything more than she did, even if it were clear that *Wellman*-type liability could lie in this case. ECF No. 119 at 8.

In denying Schrubbe's motion for summary judgment, the Court determined that a reasonable fact-finder could conclude that Howard had a serious medical need, whether his medical need was the underlying conditions for which he was prescribed medication (depression, anxiety, insomnia), or the withdrawal symptoms from not receiving the medications that he described in his inmate complaints (severe nausea, headaches, inability to sleep for twenty-four

3

hours or more, lightheadedness, pain, anxiety attacks, suicidal tendencies). ECF No. 114 at 17 (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) ("A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention."); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) ("[T]he need for a mental illness to be treated could certainly be considered a serious medical need."); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996)). Schrubbe's contention that Howard did not suffer symptoms serious enough to implicate the Eighth Amendment because he suffered withdrawal symptoms three times from medication lapses fails to recognize that most of Howard's thirty-eight inmate complaints complained of adverse symptoms from not receiving his prescribed medication.

The Court also concluded that the record supported a finding that Schrubbe knew about Howard's repeated failures to receive his medication from officers because he filed thirty-eight inmate complaints between 2005 and 2015 regarding his missed medications that were sent to Schrubbe for investigation and because he was directed repeatedly to seek help from Schrubbe before several of his inmate complaints were accepted. While the parties dispute the precise actions Schrubbe took to address the problem, based on Howard's version of the events, Schrubbe arguably knew of and disregarded a substantial risk of harm to Howard. ECF No. 114 at 17-18. The Court concluded that Schrubbe was not entitled to qualified immunity because a reasonable prison official would have known that years of interruptions in prescribed medication, such as Howard experienced, would violate the Eighth Amendment right to be free from cruel and unusual punishment, citing *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983). ECF No. 114 at 19.

"[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly

4

established at the time." *Est. of Davis v. Ortiz*, 987 F.3d 635, 638 (7th Cir. 2021) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)). Qualified immunity should protect "all but the plainly incompetent or those who knowingly violate the law. *Id.* (citing *Mullenix v. Luna*, 577 U.S. 7, 8 (2015)). The Court must evaluate the public official's conduct at "the correct level of granularity." *Id.* (citing *Mullenix*, 577 U.S. at 8); *see also Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The unlawfulness of challenged conduct is 'clearly established' for this purpose only if it is 'dictated by controlling authority or a robust consensus of cases of persuasive authority," such that it would be 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.* (quoting *Wesby*, 138 S. Ct. at 589-90).

In *Wellman*, the Court of Appeals for the Seventh Circuit observed that "deliberate indifference" can be evidenced by "repeated examples of negligent acts which disclose a pattern of conduct by the prison medical staff" *or* it can be demonstrated by "proving there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." *Id.* at 272 (emphasis added) (citing *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). The "pattern of conduct" which the court found to establish deliberate indifference in *Wellman* included a prison medical staff composed of non-English speaking doctors, a failure to provide adequate psychiatric care, and a failure to keep sufficient medical supplies on hand. *Id.* at 272-74; *see also Gutierrez v. Peters*, 111 F.3d 1364, 1375 n.10 (7th Cir. 1997) (quoting *Wellman* for the proposition that "deliberate indifference can be evidenced by repeated examples of negligent acts which disclose a pattern of conduct by the prison medical staff" and distinguishing *Wellman* given that in light of the plaintiff's overall treatment, the few incidents of delay in treatment failed to reveal a "pattern of conduct" evidencing deliberate indifference); *Board v. Farnham*, 394 F.3d 469, 485 (7th Cir.

5

2005) (quoting *Wellman* for the proposition that "deliberate indifference can be evidenced by repeated examples of negligent acts which disclose a pattern of conduct by the prison medical staff" and affirming district court's denial of qualified immunity as to two officers who repeatedly failed to give the plaintiff his inhaler); *Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (plaintiff satisfied burden to show inadequate response supporting deliberate indifference claim where defendant prison administrators allegedly knew about prisoner's periodic substantial deprivations of life-sustaining food and medicine and did nothing for almost two years to remedy the situation).

Based on these Seventh Circuit cases, the law was clearly established that Schrubbe's alleged failure to take reasonable steps to address a decade-long problem with medication lapses could support a deliberate indifference claim. Schrubbe is not entitled to qualified immunity. Schrubbe has not shown that the Court committed a manifest error of law in denying her motion for summary judgment. The Court will therefore deny Schrubbe's motion for reconsideration.

**THEREFORE, IT IS ORDERED** that the defendant's motion for reconsideration (ECF No. 119) is **DENIED**.

Dated at Milwaukee, Wisconsin this 24th day of March, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge